IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V. NO. 11-CR-50046-001

MARIA MONROY

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 16, 2012, the Defendant/Movant Maria Monroy (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion (Doc. 35). The Government filed a Response (Doc. 41), the Defendant filed a Supplement to her motion (Doc. 44), and the Government filed a Response to the Supplement (Doc.45). The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows:

**BACKGROUND**

1. On April 6, 2011, a five-count indictment was issued against Defendant and Co-Defendant Manuel Ruiz-Diaz, charging them with conspiring to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of



AO72A
(Rev. 8/82)

21 U.S.C. § § 841(a)(1), 841(b)(1)(A)(viii), and 846, and with the distribution of methamphetamine and aiding and abetting each other in the distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. 1.) On September 7, 2011, Defendant pled guilty, pursuant to a written plea agreement, to Count Three of the indictment, charging her with aiding and abetting the distribution of methamphetamine. (Doc. 22.) On January 31, 2012, a judgment was entered sentencing the Defendant to 108 months imprisonment, three years supervised release, and a $7,500.00 fine. (Doc. 33.) Defendant did not file a direct appeal.

2. In the § 2255 motion now before the Court, Defendant argues:

* Counsel was ineffective in failing to present mitigating evidence at sentencing;
* Counsel was ineffective in failing to investigate the case and failing to object to errors in the presentence investigation report (hereinafter "PSR");
* Counsel was ineffective in failing to be available for key meetings and failing to properly explain the PSR to the Defendant in a manner she understood; and
* Counsel's failure to investigate, object to the PSR, and present evidence at sentencing led to a due



AO72A
(Rev. 8/82)

process violation, as Defendant could have received a lower sentence.

In her supplement to her § 2255 motion, Defendant argues that her sentence should be vacated in light of Alleyne v. United States, 133 S. Ct. 2151 (2013).

**DISCUSSION**

3. To establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that she was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the performance prong of the inquiry, the scrutiny of counsel's performance must be highly deferential, without the distorting effects of hindsight, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. As to the prejudice prong of the inquiry, the Defendant must prove prejudice by establishing that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

4. Defendant's ineffective assistance of counsel claims are completely conclusory and are not supported by any factual allegations. Defendant fails to cite: what mitigating evidence counsel should have presented at sentencing; what facts counsel



AO72A
(Rev. 8/82)

failed to investigate; what errors counsel failed to object to in the PSR; what meetings counsel failed to be available for; and what portions of the PSR counsel failed to properly explain. Defendant's conclusory allegations are insufficient to rebut the strong presumption that counsel rendered reasonable professional assistance. Further, Defendant does not articulate a single fact that would demonstrate that but for counsel's alleged errors, her sentence would have been more lenient. Defendant's ineffective assistance of counsel claims are, therefore, subject to dismissal. See United States v. Banks, No. 09-2540, 2010 WL 1442247, at *1 (8th Cir. Apr. 3, 2010) (conclusory allegations are insufficient to establish ineffective assistance); United States v. Rollow, No. 09-6121, 2009 WL 4918353, at *2 (10th Cir. Dec. 22, 2009) (defendant's ineffective assistance of counsel claim failed where defendant made only conclusory allegations of deficient representation, without any substantiating facts); Johnson v. United States, No. 06-3930, 2008 WL 4458190, at *1 (3rd Cir. Oct. 6, 2008) (vague and conclusory allegations contained in a § 2255 motion may be disposed of without further investigation by the district court).

5. With regard to Defendant's claim that her sentence should be vacated in light of Alleyne, in Alleyne, the Supreme Court held that the Sixth Amendment of the United States Constitution required a jury to find beyond a reasonable doubt

any fact which increased a mandatory minimum sentence. Alleyne 133 S. Ct. at 255; see also United States v. Davis, 736 F.3d 783, 784 (8th Cir. 2013). Defendant's conviction was final before Alleyne was decided and Alleyne does not apply retroactively to cases on collateral review. See United States v. Winkelman, 2014 WL 1228194, at *2 (3rd Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Stewart, 2013 WL 5397401, at *1 n. (4th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013).

**CONCLUSION**

6. Based upon the foregoing analysis, the undersigned recommends that Defendant's § 2255 motion (Doc. 35) be **DENIED** and **DISMISSED WITH PREJUDICE.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B) & (c)(2). A "substantial showing" is a showing that "'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.'" Cox v. Norris, 133 F.3d 565, 569 and n.2 (8th Cir. 1997). Based upon the above analysis of Defendant's § 2255 motion, the



AO72A
(Rev. 8/82)

undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of April, 2014.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE