IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                CASE NO.    5:11-cr-50046-TLB-MEF-1
                              5:16-cv-05110-TLB-MEF

MARIA MONROY                                                 DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff/Respondent's Motion Pursuant to 28 U.S.C. § 2255. (Doc. 62) No service of the § 2255 Motion was authorized and, therefore, the United States of America has not filed a response. The matter is ready for Report and Recommendation.

### I. Background

On April 6, 2011, Defendant/Petitioner, Maria Monroy ("Monroy"), was named in an Indictment charging her with conspiracy to distribute a controlled substance, namely, more than 500 grams of methamphetamine (Count One), three counts of distribution of methamphetamine (Counts Two, Four, and Five), and one count of aiding and abetting the distribution of methamphetamine (Count Three). (Doc. 1) Monroy was arrested on June 21, 2011, in the District of New Mexico. After a Rule 5 proceeding held there on June 27, 2011 (Doc. 7), she appeared for arraignment before the Hon. Erin L. Setser, United States Magistrate Judge, on July 15, 2011, at which time Monroy entered a not guilty plea to each count of the Indictment. (Doc. 9)

On September 7, 2011, Monroy appeared before the Hon. Jimm Larry Hendren, United States District Judge, for a change of plea hearing. (Doc. 21) Pursuant to a written Plea Agreement (Doc. 22), Monroy pleaded guilty to Count Three of the Indictment charging her with aiding and abetting

the distribution of methamphetamine. (Doc. 21) The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report. (Doc. 21)

A Presentence Investigation Report ("PSR") was prepared on November 15, 2011. (Doc. 30) In it, Monroy was held accountable for 860.4 grams of actual methamphetamine (Doc. 30, ¶ 33), and that resulted in a base offense level of 36 (Doc. 30, ¶ 39). No victim-related, role in the offense, or obstruction of justice adjustments were made. (Doc. 30, ¶¶ 40-42) After a reduction of three levels for acceptance of responsibility (Doc. 30, ¶¶ 44, 45), Monroy's total offense level was determined to be 33 (Doc. 30, ¶ 46). Monroy was found to have five criminal history points, placing her in criminal history category III. (Doc. 30, ¶ 53) The statutory maximum term of imprisonment for the offense of conviction was 20 years, and in that the offense involved more than five grams of actual methamphetamine Monroy faced a mandatory minimum sentence of five years. (Doc. 30, ¶ 82) Based on a total offense level of 33 and a criminal history category of III, the advisory guideline range for imprisonment was 168 to 210 months. (Doc. 30, ¶ 83)

No enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B), nor any enhancement as a career offender under the sentencing guidelines, U.S.S.G. § 4B1.1, was reported in Monroy's PSR.

Monroy appeared for sentencing on January 30, 2012. (Doc. 29) The Court made inquiry that Monroy was satisfied with her counsel; final approval of the Plea Agreement was expressed; the Government's motion for a four-level downward departure was granted; and, the Court imposed a below guidelines sentence of 108 months imprisonment, three years supervised release, a $7,500.00 fine, and a $100.00 special assessment. (Doc. 29) Judgment was entered by the Court on January 31, 2012. (Doc. 33) Monroy did not pursue a direct appeal from the Judgment.

On November 16, 2012, Monroy filed her first *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Doc. 35)  Monroy alleged four grounds, all relating to ineffective assistance of counsel.  (Doc. 35, pp. 4-8)  A Supplement to her § 2255 Motion was filed on February 12, 2014.  (Doc. 44)  A Report and Recommendation was submitted by the Hon. Erin L. Setser, United States Magistrate Judge, on April 9, 2014, in which Judge Setser recommended that Monroy's § 2255 Motion be denied and dismissed with prejudice.  (Doc. 46)  An Order adopting the Magistrate Judge's Report and Recommendation was entered by the Hon. Timothy L. Brooks, United States District Judge, on May 1, 2014.  (Doc. 47)

Monroy subsequently filed a *pro se* Motion to Reduce Sentence on November 7, 2014.  (Doc. 50)  Counsel was appointed to represent Monroy in that proceeding, and her counsel filed an Unopposed Motion to Reduce Sentence Pursuant to Amendment 788 and 18 U.S.C. § 3582(c)(2) on December 23, 2014.  (Doc. 53)  An Order granting the motions to reduce sentence was entered by the Hon. P. K. Holmes, III, Chief United States District Judge, on February 11, 2015, and Monroy's sentence was reduced from 108 months imprisonment to 87 months imprisonment.  (Doc. 60)

On May 12, 2016, Monroy filed her *pro se* Motion Pursuant to 28 U.S.C. § 2255 in Light of the Retroactive Effect of Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015), & its Progeny, Gonzalez-Longoria v. U.S., No. 15-40041, S.Ct. (2016).  (Doc. 62)  The Petition was not a standard form § 2255 petition, and it did not contain any factual allegations setting forth why the case falls into the category of persons who qualify for relief under *Johnson*.  (Doc. 62, p. 5)  On May 24, 2016, the undersigned entered an Order directing the Clerk of the Court to forward to Monroy a blank § 2255 form, and further ordering Monroy to complete the § 2255 form and file it with the Clerk of the Court within 30 days of the entry of the Order.  (Doc. 63)  Staff notes reflect that the

Clerk sent Monroy a § 2255 Habeas Petition form on May 24, 2016. Monroy has not filed a standard form § 2255 Habeas Petition form as ordered by the Court.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Monroy's § 2255 Motion and the files and records of this case conclusively shows that Monroy is not entitled to relief under *Johnson*, and the undersigned recommends that her Motion Pursuant to § 2255 (Doc. 62) be dismissed with prejudice.

On June 26, 2015, the United States Supreme Court issued its decision in *Johnson v. United States*, 574 U.S. ___, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015), ruling that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

Monroy's § 2255 Motion seeks to obtain relief "in light of the retroactive effect of *Johnson*."

One problem, however, is that Monroy sets forth absolutely no allegations in her § 2255 Motion explaining why she is entitled to such relief.  (Doc. 62, p. 5)  When this was called to Monroy's attention, and she was ordered to submit a standard form § 2255 petition, she failed to do so.  The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. R. Co.*, 370 U.S. 626, 630-31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)).

Notably, a review of Monroy's PSR shows that her advisory guidelines sentencing range did not include an enhancement under either the unconstitutional residual clause of the ACCA or the identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2).  There is, therefore, no basis upon which Monroy could seek to benefit from the Supreme Court's ruling in *Johnson*.

Finally, there is a second or successive petition problem.  Under AEDPA, federal prisoners may not file "second or successive" § 2255 motions without an appropriate certification from the circuit court.  *See* 28 U.S.C. §§ 2255, 2244(b).  The rule is absolute.  Prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court.  *Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000).  Here, Monroy filed her first motion under § 2255 on November 16, 2012.  (Doc. 35)  That motion was dismissed by Order entered on May 1, 2014.  (Doc. 47)  Monroy has not, as required, obtained certification from the Eighth Circuit Court

of Appeals to pursue a second or successive petition under § 2255.

### III.  Conclusion

For the reasons discussed above, the undersigned recommends that Monroy's Motion Pursuant to 28 U.S.C. § 2255 (Doc. 62) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 11th day of July, 2016.

        **/s/** *Mark E. Ford*
        HONORABLE MARK E. FORD
        UNITED STATES MAGISTRATE JUDGE